Fred J. HEWITT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23485.

United States Court of Appeals
Fifth Circuit.

June 1, 1967.

922

Dougal C. Pope, Houston, Tex., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Melva M. Graney, Stephen Paley, Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., Morton L. Susman, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before THORNBERRY, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Pursuant to § 6672 of the Internal Revenue Code of 1954 [1] a 100% penalty

---

1. "SEC. 6672. FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO EVADE OR DEFEAT TAX.

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable. [26 U.S.C. 1964 ed., Sec. 6672.]"

was assessed against taxpayer Hewitt for his willful failure to collect and pay over the federal income and Social Security taxes withheld from employees of Hewitt and Watts, Inc., for the first quarter of 1958. Taxpayer paid the assessment, filed a claim for refund which was denied, and filed suit. At the close of all of the evidence the District Court granted a directed verdict for the government. Taxpayer claims that this was error because there were fact issues as to whether the taxpayer was a responsible person as defined in § 6671(b) of the Internal Revenue Code of 1954 [2] and as to whether his conduct was willful within the meaning of § 6672 supra. Taxpayer further asserts error because payments subsequently received by the Internal Revenue Service from the corporation were misapplied to taxpayer's detriment. We disagree and affirm.

In 1956 taxpayer organized Hewitt and Watts, Inc. He was president of the corporation and a member of its board of directors. Taxpayer was the company's majority stockholder. He had authority to issue checks on the corporation's bank account and from January through April, 1958, he signed over 50% of the corporation's checks. During this period he was responsible for all of the business decisions and had the authority to decide which creditors would and which creditors would not be paid.

For the first and second quarters of 1958 the corporation failed to pay the taxes withheld from its employees and its share of the Social Security taxes. From January through April of 1958 the corporation had sufficient funds so that it could have paid the taxes, penalty and interest for the first quarter of 1958 if it had not paid other creditors. But the taxpayer claims that he was not aware of the delinquency in the payment of taxes until the second or third week in April. After taxpayer knew that the taxes had not been paid there was on hand in the corporate bank account amounts in excess of the amount which taxpayer eventually paid to the government after being assessed under the provisions of § 6672. Taxpayer claims, however, that he did not know the status of the account, nor did he make any inquiry of the amount on deposit in the bank.

On April 30, 1958, taxpayer sold his stock to the corporation for $8,000. He received $500 down payment and took a note for $7500 payable $500 per month. One $500 payment was made to taxpayer on the note. On October 30, 1958, the assets of the corporation were converted to cash in the sum of $5,212.55 and were paid over to the Internal Revenue Service without direction as to their application, to be applied on taxes that the corporation owed. Internal Revenue Service applied the payments first to cover the entire second quarter liability in the sum of $3,011.64, and the remaining sum of $2,200.91 was applied on the corporation's primary liability for the first quarter—its share of the Social Security taxes, penalties and interest, leaving an unpaid balance of $2,658.45 on the income tax withheld for the first quarter of 1958. The funds were applied in this manner in accordance with Internal Revenue Service policy, i. e., where there is no instruction by the taxpayer as to how the funds should be applied the Service credits the funds so that the balance left unpaid are withheld taxes which can be assessed against the responsible officers of the corporation if necessary.

Almost a year after the Internal Revenue Service received the money, taxpayer, who no longer had any interest in the corporation, demanded that the

---

2. "SEC. 6671. RULES FOR APPLICATION OF ASSESSABLE PENALTIES.

"(b) Person Defined.—The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

"(26 U.S.C.1964 ed., Sec. 6671.)"

funds which had been paid be applied by the Internal Revenue Service to the first instead of the second quarter of 1958 so that the first quarter would be paid in full. This was declined. The corporation's vice president paid $1,398.87 of the assessment. Taxpayer paid $1,554.62 and brought suit.

■ Since the District Court directed a verdict for the government we must view the evidence in the light most favorable to taxpayer and must give him the advantage of every inference which may be fairly drawn. Ford et al. v. Southwestern Greyhound Lines, 5 Cir., 1950, 180 F.2d 934; American Fidelity and Casualty Company v. Drexler, 5 Cir., 1955, 220 F.2d 930; United States v. Bryan, 5 Cir., 1959, 265 F.2d 698. More than a scintilla of evidence is required to preclude the direction of a verdict. Pennsylvania Railroad Co. v. Chamberlain, 1933, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819; United States v. Bryan, supra.

It is undisputed that there were sufficient funds on hand during the first quarter of 1958 to have paid the taxes owing if other creditors had not been preferred. It is likewise conceded that taxpayer knew of the delinquency in the payment of the taxes the second or third week of April, 1958. Taxpayer admits that subsequent to this time he received $1,000 from the corporation as part payment for the sale of his stock to the corporation. Thus, not only had the corporation preferred other creditors over the government, but the corporation with the express knowledge of the taxpayer preferred the taxpayer himself over the payment of the withheld taxes.

■ Willfulness as used in § 6672 does not require a fraudulent or other bad motive on the part of the responsible person, but simply a voluntary, conscious and intentional decision not to have the corporation pay over the taxes to the government. Bloom v. United States, 9 Cir., 1960, 272 F.2d 215; Frazier v. United States, 5 Cir., 1962, 304 F.2d 528; Dillard v. Patterson, 5 Cir., 1963, 326 F.2d 302.

■ We think that the evidence of taxpayer's willfulness, as used in the statutory context, was here so conclusive that a contrary verdict could not stand. Frazier, supra. But taxpayer argues that he is not a responsible person within the meaning of §§ 6671(b) and 6672. Thus he contends that he cannot be held liable for the taxes withheld by the corporation but not paid over to the Internal Revenue Service.

■ Although he denies knowledge prior to April 14 or 15, 1958, that the taxes were not being paid and claims that Cifra, the vice president, was solely responsible for paying bills and taxes, taxpayer never denied that he personally made all the decisions as to which creditors would and which would not be paid. A corporate officer who has the final word as to what checks should be prepared, for whom, and in what amount is a responsible person within the meaning of § 6672. Cash v. Campbell, 5 Cir., 1965, 346 F.2d 670. The District Court correctly found as a matter of law that taxpayer was the person responsible for the collection and payment of the withheld taxes.[3]

Taxpayer argues, however, that even if he was a responsible person and there was willfulness on his part there was a misapplication of the payment made to the Internal Revenue Service when the corporation's assets were converted to cash in October, 1958, at which time the first quarter 1958 assessment should have been satisfied.

3. Wiggins v. United States, E.D.Tenn., 1960, 188 F.Supp. 374, relied on by taxpayer is not persuasive. There Wiggins spent 14–16 hours per day in supervising a mining operation and was apparently unaware that the corporation should be paying the taxes while here Cifra informed taxpayer of the gravity of the situation and taxpayer admittedly knew the corporation was delinquent in paying the taxes before the end of the first quarter, at which time taxpayer himself received a preference.

■ In the absence of any agreement, direction or request the Internal Revenue had the right to apply the funds as it saw fit. National Bank, etc. v. Mechanic's National Bank, 1876, 94 U.S. 437, 24 L.Ed. 176. Taxpayer's demand that the Internal Revenue Service apply the October, 1958, payment to the liability owing for the first instead of the second quarter of 1958, made almost sixteen months after he had severed his connection with the corporation, was properly rejected. Taxpayer, a third party, had no right to direct the application of the payment made by the corporation.

■ Finally, taxpayer claims that he is a surety and that under the rules of suretyship the payments should first be applied on the debt on which the surety is liable before credit is given to a debt on which the surety is not liable. We need not concern ourselves with the law of suretyship for it is abundantly clear that taxpayer is not a surety. An assessment under § 6672 is not of a derivative character but is a separate and distinct liability. Bloom v. United States, supra, 272 F.2d at 220, 221.

The other contentions of appellant are without merit.

The judgment of the District Court is Affirmed.