Alton R. **BROWN**, Jr., Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 71-2978.

United States Court of Appeals,
Fifth Circuit.

July 20, 1972.

Rehearing and Rehearing En Banc
Denied Sept. 5, 1972.

Hardy B. Smith, Gaillard, Wilkins & Smith, J. George Whitfield, Brown, Hudgens, Fulford, Sintz & Richardson, Mobile, Ala., for plaintiff-appellant.

C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., Fleming T. deGraffenreid, Atty., Scott P. Crampton, Asst. Atty. Gen., Charles Anderson, Meyer Rothwacks, Daniel B. Rosenbaum, Mary J. McGinn, Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before RIVES, BELL and MORGAN, Circuit Judges.

RIVES, Circuit Judge:

Appellant Brown seeks to reverse the imposition upon him of the 100 per cent penalty tax assessment prescribed by section 6672 of the Internal Revenue Code of 1954, 26 U.S.C. § 6672. That section provides that any person required to collect, truthfully account for, and pay over taxes to the Government who willfully fails to do so is liable to a penalty equal to the total amount of the taxes not remitted. The preceding section, 6671, defines "person" as used in the subchapter to include "an officer * * * of a corporation * * * who as such officer * * * is under a duty to perform the act in respect of which the violation occurs."

Brown, an attorney, became the president of his client's corporation, Gulf Sewing Industries, Inc., and took an assignment of all the stock of the corporation from this client's financial supporter, who wanted to relinquish completely his role in the company's affairs. At trial the jury found (1) that Brown was a person responsible for payment of the withholding taxes to the Government, and (2) that he had willfully failed to remit the taxes due. Brown moved for a judgment notwithstanding the verdict, thus questioning

the sufficiency of the evidence. The district court denied the motion. We affirm.

On review of the denial of Brown's motion for judgment n. o. v., our task is to review the evidence in the limited sense prescribed in Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365.

■ On the issue whether he was a person responsible for withholding and paying over taxes, Brown stresses the evidence which indicates that he had only token managerial responsibility as president and that his cosignature on company checks was literally a rubber stamp. But other evidence provided the jury with an ample basis for believing that Brown had the "power and responsibility within the corporate structure for seeing that the taxes withheld from various sources are remitted to the Government." Monday v. United States, 7 Cir.1970, 421 F.2d 1210, 1214. Brown co-signed all corporate checks. He actively participated in efforts to secure additional financing for Gulf and made the decision to terminate Gulf's operations. Further, Brown was successful in securing payment of withholding taxes by Gulf during a prior quarter of his tenure as president, when payment of the taxes was late. Thus, although Brown may have lacked the direct personal duty to collect, account for, and pay over the taxes,[1] the jury might well have inferred that he had effective power and corresponding duty to insure that the corporate obligation to the Government would be fulfilled. Were we to hold to the contrary—that lack of individual authority to sign corporate checks insulated Brown from liability—we would surely open the door to protective co-signing arrangements. The effect of such a holding would tend to emasculate section 6672.

It is also clear that there was sufficient evidence to support the jury's finding that Brown willfully failed to remit the taxes due the Government for the period in question. Brown's close relationship with his client, Bogash, began when Bogash asked Brown to provide legal advice in connection with prior tax difficulties involving nonpayment of withholding taxes. Brown knew that withholding taxes had not been paid regularly at Bogash's previous Maryland business, and he also knew that the taxes had not been paid by Gulf during one quarter prior to his assuming of the presidency. Although Brown was aware of Bogash's past failure to pay withholding taxes, he continued to allow Bogash to sign checks without periodically inquiring as to whether withholding taxes were being paid to the Government when due. Under these circumstances, the jury was justified in inferring that Brown acted willfully. United States v. Leuschner, 9 Cir. 1965, 336 F.2d 246, 248.

■ Finally, in addition to questioning the sufficiency of the evidence, Brown now attacks the trial court's instructions setting forth the standards to be applied by the jury in determining whether he was a responsible officer of the defaulting corporation. However, Brown failed to object to the district court's instructions before the jury retired to consider its verdict. We are consequently foreclosed from considering the objections on appeal, Rule 51, F.R. Crim.P., absent plain and prejudicial error. The instructions given substantial-

---

1. In his brief, Brown argues that "for one to be a 'responsible person' within the meaning of [section] 6672, he must have the *final word* as to what checks are to be prepared, for whom, and in what amount" (emphasis in original), citing Hewitt v. United States, 5 Cir. 1967, 377 F.2d 921. Brown misunderstands the reach of our decision in *Hewitt*. There, we simply held that a taxpayer who *does* have "the final word" cannot escape liability as a responsible person by asserting that a corporate subordinate was responsible for paying bills and taxes. It by no means follows from our holding in *Hewitt* that a corporate officer or employee *must* have the final word if he is to be cast as a responsible person within the meaning of section 6672.

ly approximated those requested by Brown. Any possible error was harmless. Rule 61, F.R.Civ.P.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.