**Dorris H. DEASON, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 76–4162.

United States Court of Appeals, Fifth Circuit.

March 12, 1979.

Earnest N. Deason, Birmingham, Ala., for petitioner-appellant.

Dorris H. Deason, pro se.

Myron C. Baum, Acting Asst. Atty. Gen., Gilbert E. Andrews, Act. Chief, Appellate Section, U. S. Dept. of Justice, Washington, D. C., Meade Whitaker, Chief Counsel, Internal Revenue Service, Washington, D. C., Jonathan S. Cohen, James S. Maxwell, Attys., David Pincus, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before MORGAN, RONEY and VANCE, Circuit Judges.

MORGAN, Circuit Judge:

This is an appeal from a judgment of the Tax Court against the taxpayer. The Commissioner determined that the taxpayer, Dorris H. Deason, had understated her tax liability for the year 1969. He assessed her for a deficiency and for the five percent penalty authorized by I.R.C. § 6653(a)[1] in cases in which the underpayment "is due to negligence or intentional disregard of rules and regulations."

The deficiency and the penalty arise from the tax liability of Portion-Redi Foods, Inc. (Redi), a Subchapter S corporation which was owned, during the time in question, equally by taxpayer and her husband. Taxpayer was vice president and secretary and her husband was president of Redi.

On this appeal taxpayer presents two issues for our consideration: (1) whether the Tax Court correctly held that payments made by the United States Department of Labor to taxpayer's Subchapter S corporation constituted income rather than contributions to capital; and (2) whether the Tax Court correctly held that taxpayer was liable for an addition to tax under section 6653(a).

■ The first issue revolves around a contract between the Department of Labor and Redi whereby Redi was to hire and train previously hardcore unemployed individuals. During the existence of the contract the government made monthly payments to Redi based upon the number of hours and character of training and employment being offered. The primary question here concerns whether these government payments constituted taxable "income" or whether they are excluded from income as "contributions to capital."

■ In making our determination we focus on the intent of the parties involved.[2] If they intend that such payments constitute prepayment for future services then the payments would be taxable income. However, if they intend the payments to be for some indirect or intangible benefit then the payments would be considered a contribution to capital. In order to facilitate the application of this distinction the Supreme

---

1. Section 6653. Failure to Pay Tax

   (a) Negligence or intentional disregard of rules and regulations with respect to income or gift taxes.—If any part of any underpayment . . . is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.

   All statutory references are to the Internal Revenue Code of 1954, as amended.

2. See generally *Brown Shoe Co. v. Commissioner of Internal Revenue*, 339 U.S. 583, 70 S.Ct. 820, 94 L.Ed. 1081 (1950); *Detroit Edison Co. v. Commissioner of Internal Revenue*, 319 U.S. 98, 63 S.Ct. 902, 87 L.Ed. 1286 (1943).

Court in *United States v. Chicago, B & O R. Co.,* 412 U.S. 401, 93 S.Ct. 2169, 37 L.Ed.2d 30 (1973), enumerated certain requisite characteristics common to nonstockholder contributions to capital under the Internal Revenue Code:

> (1) It certainly must become a permanent part of the transferee's working capital structure. (2) It may not be compensation, such as a direct payment for a specific, quantifiable service provided for the transferor by the transferee. (3) It must be bargained for. (4) The asset transferred foreseeably must result in benefit to the transferee in an amount commensurate with its value. (5) And, the asset ordinarily, if not always, will be employed in or contribute to the production of additional income and its value assured in that respect.

*Chicago, supra* at 413, 93 S.Ct. at 2176.

Because we think that the Tax Court was correct in determining that the payments were for services, an application of the factors articulated by the Supreme Court requires that we affirm the Tax Court's decision. This result is reached since the second requisite characteristic, as set out in *Chicago, supra,* has not been met, and consequently, irrespective of the payments' other characteristics, they cannot pass muster as contributions to capital.

▮ The second issue involves the taxpayer's assertion that she was improperly penalized under section 6653(a). Taxpayer argues that Redi was the negligent party and therefore she could not be held accountable for the corporation's deficiency. Since, however, Redi was a Subchapter S corporation at the time of the deficiency, taxpayer as a shareholder was liable for the tax on the corporation's income at her individual tax rate. The section 6653(a) penalty is one imposed for the underpayment of tax and so it necessarily is imposed on the taxpayer whose duty it had been to pay.[3] Furthermore, this imposition is especially appropriate here because the taxpayer was vice president and secretary of Redi and her husband was its president during the year for which the deficiency was assessed.

▮ Finally, because the assessment of a penalty by the Commissioner is presumptively correct, the burden of going forward is shifted to the taxpayer to show that such an assessment is wrong.[4] Here we find no competent proof to cause this presumption to disappear. Taxpayer has introduced no evidence that she or her husband were not negligent or that they did not intentionally disregard the Commissioner's rules and regulations other than to state that Redi's records had been stolen or destroyed by vandals. Furthermore, taxpayer has failed to show that she or her husband kept books and documents necessary to form a rational basis for the income reported and the expenses deducted as was required by this court in *Potito v. Commissioner of Internal Revenue, supra,* 534 F.2d at 53. Accordingly, the decision of the Tax Court is

AFFIRMED.

---

3. *Leonhart v. Commissioner of Internal Revenue,* 414 F.2d 749, 750 (4th Cir. 1969).

4. *Gibbs v. Tomlinson,* 362 F.2d 394, 399 (5th Cir. 1966). See *Potito v. Commissioner of Internal Revenue,* 534 F.2d 49 (5th Cir. 1976).