In the Matter of Lawrence LESTER and Delores Ann Reynolds, Debtor(s).

Bankruptcy No. 83-1911.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 8, 1985.

Thomas Joel Chawk, Tampa, Fla., Chris C. Larimore, Bradenton, Fla., c/o Paulsen, Robert Merkle, U.S. Atty., Tampa, Fla., for debtors.

## ORDER ON OBJECTION TO CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon an Objection to Claim of the Internal Revenue Service of the United States of America (IRS) filed by Lawrence Lester Reynolds and Delores Ann Reynolds, the Debtors in the above-styled Chapter 13 case. The Debtors object to the claim of the IRS in the total amount of $26,246.46 which sum represents an income tax deficiency for 1980 in the amount of $10,621.46 plus interest of $4,417.34, an income tax deficiency for 1981 in the amount of $4,215.53 plus interest of $1,117.34; and income tax for 1982 in the amount of $500 plus interest of $80.08. In addition, the IRS claims entitlement to a negligence penalty pursuant to 26 U.S.C. § 6653(a) in the amount of $5,294.71.

The facts as adduced from the evidentiary hearing may be summarized as follows:

Mr. Reynolds is a self-employed concrete finisher, doing business as Lester Reynolds Concrete Finishing. He has been engaged in the same business for approximately eight years. The Debtors, who prepared their tax returns for the 1980 and 1981 tax years without assistance, filed their 1980 return on October 7, 1982 and their 1981 return on December 16, 1982. On each

return, the Debtors declared that their gross receipts equalled their net profit, i.e. 1980 Gross Receipts $10,000, 1980 Net Profit $10,000; 1981 Gross Receipts $12,000, 1981 Net Profit $12,000.

The Debtors first became aware of a tax problem in late 1982 when they were informed of an audit for the 1980 tax year. Based on the limited records that the Debtors produced at the audit, the IRS disallowed all business expenses except those which were verfiable by documentation. There is no doubt that prior to 1983, the Debtors kept almost no business records; that after the 1980 audit, the Debtors began to "log" their business expenses in a composition book, but failed to keep underlying documents; and, that in late 1983, the Debtors began to pay their business expenses by check and retain the cancelled checks and related documents for their tax records. In late 1983 or early 1984, the Debtors engaged Mr. William T. Forbes, C.P.A., who prepared an unaudited Financial Statement for the tax year 1983 (Debtors Exh. # 1) and based on actual expenses incurred in subsequent tax years, prepared an estimated business expense schedule for 1980 and 1981 (Debtor's Exh. # 2).

As a result of the Debtors' inability to substantiate additional business expenses for 1980 and 1981, the IRS increased the Debtors' net profit and claimed the deficiency of income tax plus interest as set forth in the IRS Proof of Claim.

It is the position of the IRS that because the Debtors cannot adequately substantiate any business expenses other than those already allowed, the tax assessments must stand and the Debtors' Objection to Claim must be overruled. In addition, the IRS seeks a penalty based on the Debtors' negligence in failing to keep books and records. The Debtor contends that despite the absence of adequate books and records, other evidence such as an estimation of expenses based on *actual* expenses for subsequent years, may be presented to establish the Debtors' right to certain deductions.

There is no doubt that an IRS Proof of Claim is presumptively correct and the burden is on the Debtor to prove to the contrary. *In re Data Industries Corporation of Texas*, 489 F.2d 1038 (5th Cir. 1974). Further, the tax liability as determined by the Commission is presumed correct and it is incumbent on the taxpayer to show error. *Deason v. Commissioner*, 590 F.2d 1377, 1379 (5th Cir.1979). However, this Court is not unmindful of *Cohan v. Commission*, 39 F.2d 540 (2d Cir.1930), a case in which the petitioner had failed to keep records to substantiate travel and entertainment expenses in connection with his business. The taxpayer estimated the expenditures, but the Board of Tax Appeals disallowed the claimed deductions in toto. Judge Learned Hand determined that the Board was in error and stated:

> The Board refused to allow him any part of this, on the ground that it was impossible to tell how much he had in fact spent, in the absence of any items or details. The question is how far this refusal is justified, in view of the finding that he had spent much and that the sums were allowable expenses. *Absolute certainty in such matters is usually impossible and is not necessary; the Board should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of its own making.* But to allow nothing at all appears to us inconsistent with saying that something was spent ... It is not fatal that the result will inevitably be speculative; many important decisions must be such.

It is interesting to note that although the *Cohan* rule no longer generally applies to travel or entertainment expenses, it is still valid law as applied to other business expenses, and even business losses. *See*, 34 Am.Jur.2d 1985 *Federal Taxation*, ¶ 6022, 1984.

In this case, the Debtors were engaged in the same business for several years, both before and after the taxable years in question. There is no doubt that in connection with the business, the Debtors incurred certain necessary business ex-

penses, which if properly documented would have been allowed as deductions by the IRS. However, for want of records, the claimed expenses were disallowed and a deficiency assessed.

 This Court agrees with the *Cohan* court and finds that it is error to completely disallow expenses where it is evident that money has been spent in order to operate a business and generate taxable income. Therefore, the question in this case becomes whether the *method* of expense reconstruction offered by the Debtors to establish their tax liability for the years in question, represents a reasonable basis for estimating their 1980 and 1981 tax liability. This Court is satisfied that the estimated business expenses, net income and tax liability calculated and offered by William J. Forbes, C.P.A. are reasonable and will be accepted by this Court in light of the narrow facts of this case.

The Debtors in this case had absolutely no intention of avoiding their tax obligations, and in fact, sought assistance from the IRS in preparing their 1979 return. Based on their experience with the IRS and guided by the 1979 return, the Debtors attempted to file proper tax returns for 1980 and 1981, albeit unsuccessfully. Further, after being called for audit the Debtors pursued the matter with the IRS in an effort to resolve the dispute and to arrange a payment schedule. At the conclusion of the audit, the Debtors began to record their business expenses in what they considered a satisfactory manner.

Based on the foregoing, this Court is satisfied that Objection to the Claim of the IRS filed by the Debtors is well taken and shall be sustained. The proof of claim filed by the IRS shall be disallowed and the IRS shall be permitted to file an amended proof of claim if it be so deemed advised, based on the estimated figures provided by William J. Forbes, C.P.A. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of IRS filed by Lawrence Lester Reynolds and Delores Ann Reynolds be, and the same hereby is, sustained and the Proof of Claim of

the Internal Revenue Service be, and the same hereby is, disallowed without prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the IRS shall have ___ days from the date of entry of this Order to file an amended proof of claim in accordance with this order if it so deemed to be advised.