UNITED STATES of America, Plaintiff,

v.

Estel L. SPURLIN, Defendant.

No. 89–26–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

Jan. 17, 1990.

Kendell W. Wherry, Orlando, Fla., and Clinton W. Marrs, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

James E. Shepherd, Shepherd, McCabe & Cooley, Longwood, Fla., for defendant.

## ORDER

G. KENDALL SHARP, District Judge.

This action is before the court on plaintiff's motion for summary judgment. Defendant has not opposed plaintiff's motion.

### I. Statement of Facts

In this case, plaintiff, the United States of America (United States), seeks to reduce to judgment a tax assessment against de-

fendant, Estel Spurlin. The tax assessment arose out of the failure of Spurlin Carpentry, Inc., (Spurlin Carpentry) to pay to the United States the amounts it withheld from its employees under the Federal Insurance Contributions Act (FICA) and for income taxes for the quarters ending on March 31, 1973, June 30, 1973, and September 30, 1973. During the first three quarters of 1973, Estel Spurlin was the president, chief operating officer, and "dominant force" of Spurlin Carpentry. As president and chief operating officer, Spurlin was authorized to sign checks against the corporation's bank account, to disburse corporate funds, to sign and file the corporation's annual reports with the State of Florida, to hire and fire employees, and to sign the corporation's tax returns. In addition, Spurlin was thoroughly familiar with the corporation's obligation to pay FICA and income tax amounts that it withheld from its employees. Spurlin also knew that Spurlin Carpentry failed to pay these withheld amounts to the United States for the first three quarters of 1973.

The Internal Revenue Service (IRS) became aware of Spurlin Carpentry's failure to pay. Rather than assessing the penalty immediately, a delegate of the Secretary of the Treasury (the Secretary) and Spurlin agreed, on three occasions, to extend the statute of limitations period on penalty assessments for the delinquent income tax and FICA amounts. On September 22, 1976, the parties agreed to extend the limitations period until December 31, 1978. On December 22, 1978, they agreed to extend the limitations period to December 31, 1979. Finally, on November 27, 1979, the parties agreed to extend the limitations period to December 31, 1980. The parties entered each agreement before the statute of limitations or prior agreement expired.

On December 3, 1980, before the last extension period expired, a delegate of the Secretary assessed a penalty of $46,257.51 against Spurlin for violating section 6672 of the Internal Revenue Code (IRC). Although he periodically paid installments towards the assessment, Spurlin failed to pay the entire amount of withheld income tax and FICA amounts. A delegate of the Secretary notified Spurlin of the assessment and demanded payment.

Instead of paying the assessed penalty, Spurlin twice offered to settle with the IRS. On September 10, 1984, Spurlin submitted an offer in compromise, in which he offered to pay $8,000.00 to settle his tax liability. The offer in compromise contained a clause that waived the statute of limitations "for the period during which [the] offer is pending, or the period during which any installment remains unpaid, and for 1 year thereafter." In addition, "the offer shall be deemed pending from the date of acceptance of the waiver of the statutory period of limitations by an authorized IRS official, until the date on which the offer is formally accepted, rejected, or withdrawn in writing."

On November 19, 1984, a delegate of the Secretary accepted this waiver of statute of limitations, but reserved judgment on the offer in compromise. On December 31, 1984, Spurlin submitted an amended offer in compromise for $8,000.00, also containing the same waiver clause. On April 30, 1985, a delegate of the Secretary again accepted the waiver of statute of limitations, but refused to rule on the offer in compromise. Between April 30, 1985, and June 25, 1985, a delegate of the Secretary rejected the amended offer in compromise.

On September 18, 1985, Spurlin submitted a second offer in compromise, this time for $27,500.00. (Plaintiff's Ex. C–3). It, too, contained a clause waiving the statute of limitations. The next day, a delegate of the Secretary accepted the waiver, but deferred accepting or rejecting the offer in compromise. On June 13, 1986, a delegate of the Secretary rejected this offer in compromise. After the second offer in compromise was rejected, Spurlin refused to pay further on the assessment. In response, on January 12, 1989, the United States filed this action to reduce the outstanding amount of the assessment to judgment for $43,800.51.

## II. Conclusions of Law

### A. Standard for Summary Judgment

Summary judgment is authorized if "the pleadings, depositions, answers to interrog-

atories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510; *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

The moving party bears the burden of proving that no genuine issue of material fact exists. *See Anderson*, 477 U.S. at 248–50, 106 S.Ct. at 2510–11; *Celotex Corp.*, 477 U.S. at 324–25, 106 S.Ct. at 2553–54. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In determining whether the moving party has satisfied the burden, all inferences drawn from the underlying facts are considered in a light most favorable to the party opposing the motion, and all reasonable doubts are resolved against the moving party. *Id.* at 255, 106 S.Ct. at 2513–14; *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); *Carlin Communication v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir.1986).

As the United States Supreme Court has stated, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. In order for a triable issue to surface, enough evidence must appear in the favor of the nonmoving party to cause a jury to return a verdict for that party. *Id.* at 249–50, 106 S.Ct. at 2510–11. Summary judgment is mandated, however, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.... The moving party is[, therefore,] 'entitled to a judgment as a matter of law.'" *Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

### B.  Legal Analysis

Summary judgment is appropriate in this case because no facts are in dispute. Spurlin has filed a joint pre-trial stipulation in which he admitted all of the above-stated facts. As a result, he is bound by those facts for the purposes of this summary judgment motion. *See Munoz v. International Alliance of Theatrical Stage Employees*, 563 F.2d 205, 207 n. 1, 213 (5th Cir.1977) (stipulations are a proper evidentiary basis for summary judgment).

#### 1.  Validity of the Tax Assessment.

Under section 6672(a) of the IRC:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, ... shall ... be liable to a penalty equal to the total amount of the tax ... not collected or not accounted for and paid over.

26 U.S.C.A. § 6672(a) (West 1989). A delegate of the Secretary determined that Spurlin willfully failed to pay over the income tax and FICA amounts that he withheld from the employees of Spurlin Carpentry. As a result, he assessed a penalty of $46,257.51, an amount equal to the unaccounted for tax, against Spurlin. Spurlin admitted that he was assessed this amount and has failed to dispute its validity or accuracy.

The IRS's determinations of tax liability and assessments of penalty are presumptively correct. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Olster v. C.I.R.*, 751 F.2d 1168, 1174 (11th Cir.1985). Once the IRS issues the certificate of assessment, the certifi-

cate becomes prima facie evidence of the tax penalty liability, and the burden of proving that the assessment is incorrect falls on the taxpayer. *Deason v. C.I.R.*, 590 F.2d 1377, 1379 (5th Cir.1979); *Psaty v. United States*, 442 F.2d 1154, 1159–60 (3d Cir.1971). Spurlin, therefore, has the burden of proving that the assessment was incorrect. This burden remains on Spurlin for the purposes of this summary judgment motion. *See Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552. (summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial") Because he has failed to present evidence or otherwise fulfill his burden of proof that the assessment was incorrect, summary judgment is appropriate against Spurlin. *See United States v. Dixon*, 672 F.Supp. 503, 507 (M.D.Ala.1987).

2. Defenses.

Although Spurlin failed to oppose the United States motion for summary judgment, he has filed an answer and joint pre-trial stipulation, in which he raises four defenses. Spurlin claims that laches bars the United States from proceeding against him; that the statute of limitations on the assessment and collection of the tax penalty has expired; that he was not the person responsible for truthfully accounting for and paying the withheld income tax and FICA amounts; and that the United States has no claim to interest on any judgment it may receive. Because district courts are required to consider the entire record while evaluating a motion for summary judgment, the court must consider these four defenses. *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir.1986); Fed.R.Civ.P. 56(c).

*(a) Laches.*

▮ Spurlin contends, without elaboration, that the defense of laches prevents the United States from proceeding against him in this action. (Doc. 2). Unfortunately for Spurlin, the United States is not subject to the defense of laches. *United States v.*

*Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940); *Weiszmann v. Dist. Eng'r, United States Army Corps of Eng'r*, 526 F.2d 1302, 1305–06 (5th Cir.1976).

*(b) Statute of Limitations.*

▮ Spurlin also contends that the statute of limitations on both assessment and collection expired before the United States brought this action. Section 6501(a) defines the statute of limitations period for assessing taxes: "Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed." 26 U.S.C.A. § 6501(a) (West 1989). In addition, section 6513(c) provides that yearly tax returns that are filed before April 15 of the succeeding year are deemed to have been filed on April 15 of the succeeding year. 26 U.S.C.A. § 6513(c) (West 1989). Because Spurlin presumably filed his tax return for 1973 before April 15, 1974, he is considered to have filed it on April 15, 1974. According to sections 6501 and 6513, the statute of limitations on assessment would have expired on April 15, 1977, three years after the returns were filed.

Section 6501(c)(4), however, creates an exception to the three year statute of limitation period:

> Where, before the expiration of the time prescribed in ... section [6501(a)] for the assessment of any tax imposed by this title, ... both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

26 U.S.C.A. § 6501(c)(4) (West 1989). On three occasions, a delegate of the Secretary and Spurlin consented in writing to extend the limitations period on assessment. The first agreement, entered into before the original April 15, 1977, expiration date, extended the limitations on assessment period

until December 31, 1978. The second agreement, entered into before the first agreement expired, extended the deadline until December 31, 1979. The parties entered into a final agreement before the second agreement expired, which extended the statute of limitations period on assessments until December 31, 1980. On December 3, 1980, twenty-eight days before the deadline, a delegate of the Secretary assessed the penalty against Spurlin. Accordingly, the assessment was within the statute of limitations period imposed by section 6501.

■ Spurlin also contends that the statute of limitations on collections prevents the United States from collecting the assessed amount. Section 6502 permits the United States to collect any properly assessed tax by court proceeding if the proceeding is initiated within six years of the assessment or "prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such 6–year period." 26 U.S.C.A. § 6502(a) (West 1989). These agreements suspend the operation of the statute of limitations while the agreements are in effect and substitute the statute of limitations with provisions contained in the agreement. *United States v. Ressler*, 576 F.2d 650, 652 (5th Cir.1978), *cert. denied*, 440 U.S. 929, 99 S.Ct. 1265, 59 L.Ed.2d 485 (1979); *United States v. Newman*, 405 F.2d 189, 197–98 (5th Cir.1968).

But for any agreements between the parties, the statute of limitations on collecting the assessment extended until December 3, 1986. The parties, however, entered into two offer-in-compromise agreements that waived the statute of limitations period on collections for the time during which the offer in compromise was being considered and for one year after the offer in compromise was rejected. The first offer in compromise suspended the statute of limitations on collection for 527 days. The second offer in compromise tolled the statute of limitations for 633 days. Together, the offers in compromise suspended operation of the statute of limitation for 1160 days. The expiration date of the statute of limitations on collections was, therefore, extend-

ed from December 3, 1986, until February 5, 1990. *See Ressler*, 576 F.2d at 652; *Newman*, 405 F.2d at 197–98. Because the United States initiated this proceeding on January 12, 1989, it was well within the statute of limitations period for collecting assessments.

### (c) "Person Responsible" and "Willful" Failure to Pay.

■ Under section 6672, persons responsible for paying taxes withheld from company employees but who willfully fail to do so shall be liable for the amount of taxes not paid. 26 U.S.C.A. § 6672. Section 6671 of the IRC defines "person" for the purposes of section 6672, as "an officer or employee of a corporation, ... who as such officer, ... is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C.A. § 6671(b) (West 1989). Spurlin was the president of Spurlin Carpentry and, therefore, was a person for the purposes of section 6672.

Spurlin contends, again without elaboration, that he did not violate section 6672 because he was not the person responsible for collecting, accounting for, or paying the income tax and FICA amounts withheld from the employees of Spurlin Carpentry. Yet, Spurlin was the president, chief operating officer, and "dominant force" of Spurlin Carpentry. He was an authorized signatory on the company's bank accounts, and he disbursed corporate funds. Based on his position as an officer in the corporation, his authority to control corporate funds, and his status as the "dominant force" behind Spurlin Carpentry, Spurlin was the party responsible for collecting, accounting for, and paying the income tax and FICA amounts withheld to the United States. *See Neckles v. United States*, 579 F.2d 938, 939–40 (5th Cir.1978); *Brown v. United States*, 464 F.2d 590, 591 (5th Cir. 1972), *cert. denied*, 410 U.S. 908, 93 S.Ct. 962, 35 L.Ed.2d 270 (1973).

■ Furthermore, Spurlin willfully failed to collect, account for, and pay the withheld income tax and FICA amounts. He knew of Spurlin Carpentry's obligation

to pay to the United States all income tax and FICA amounts withheld from employees. He also knew that Spurlin Carpentry failed to pay these amounts for the first three quarters of 1973. Although he was an authorized signatory on the company's bank account and was responsible for disbursing company funds, he failed to pay the withheld income tax and FICA amounts to the United States.

The failure to pay is willful if it is conscious and intentional. *Newsome v. United States,* 431 F.2d 742, 745 (5th Cir.1970). In addition, failure to pay is willful if the responsible party declines to correct the mismanagement after learning that withheld taxes have not been remitted. *Mazo v. United States,* 591 F.2d 1151, 1154 (5th Cir.), *cert. denied sub nom., Lattimore v. United States,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). Because Spurlin knew of the company's failure to pay the withheld income tax and FICA amounts, yet consciously failed to pay the United States, his failure to pay was willful.

### (d) Interest.

■ Spurlin claims that the United States, "by its actions and lack of actions, ... has waived any claim for interest." Spurlin fails to distinguish between the actions or lack of actions of the United States with respect to the substantive claim and the claim of interest. Because the United States has prevailed on the substantive claim, it has not waived any claim for interest. Both prejudgment and postjudgment interest, therefore, are appropriate.

### III.  Conclusion

This court finds that the undisputed facts as well as the reasonable inferences drawn therefrom do not establish a genuine issue of material fact that would warrant bringing this lawsuit to trial. Accordingly, the court GRANTS summary judgment for the United States for the unpaid balance of the assessment of $43,800.51. The court also GRANTS costs and prejudgment and postjudgment interest to the United States consistent with 26 U.S.C.A.

§§ 6601–6622 (West 1989) and 28 U.S.C.A. § 1961 (West Supp.1989).

It is SO ORDERED.