UNITED STATES of America, Plaintiff-Appellee,

v.

Anthony J. J. A. WILSON, Defendant-Appellant.

No. 13857.

United States Court of Appeals Third Circuit.

Argued May 8, 1962.

Decided June 8, 1962.

Felix Rospond, Newark, N. J. (Rospond & Rospond, Newark, N. J., Vincent S. Rospond, Bloomfield, N. J., on the brief), for defendant-appellant.

Michael A. Mulroney, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Joseph Kovner, Attys., Department of Justice, Washington, D. C., David M. Satz, Jr., U. S. Atty., on the brief), for plaintiff-appellee.

Before McLAUGHLIN, STALEY and GANEY, Circuit Judges.

## PER CURIAM.

The decisive question on this appeal is whether plaintiff's action to collect an unpaid balance of income taxes was started prior to the expiration of the statute of limitations for such suit. In essence it is urged that on May 11, 1954 when plaintiff accepted defendant's amended offer of settlement, a definite contract came into being between the parties. Defendant agreed to pay in accordance with the terms of the settlement and plaintiff agreed to accept such payment. That, says appellant, marked the end of the offer and brought into being the agreement which was breached by the defendant failing to make any settlement payments after his first. Under the terms of the agreement, the statute of limitations was to be suspended "* * * for the period during which this offer is pending, or the period during which any installment remains unpaid, and for 1 year thereafter." On April 18, 1956 the Treasury Department advised the taxpayer that because of his failure to make payments in accordance with the terms of his offer "The arrangements looking to the compromise of your tax liability are therefore terminated."

By the taxpayer's computation the statute resumed running May 11, 1954 and expired in July 1957. Under the Government contention, the statute remained suspended until its letter of April 18, 1956 which extended the statute to July 3, 1959. This suit against the taxpayer was commenced May 26, 1959 well within the critical date according to the Government calculation.

It seems to us that while appellant presents a persuasive argument on the construction of the phrase "period during which this offer is pending", he is completely stymied by the clearly expressed further suspension of the statute called for in the alternative part of the waiver of the statute. Under it the statute of limitations is suspended for "* * * the period during which any installment remains unpaid and for 1 year thereafter." Though the taxpayer had failed to take care of the settlement installments following his initial payment, he never attempted to repudiate his agreement that the statute of limitations be suspended during that period and for a year thereafter. And the Government did not terminate what it described as "The arrangements looking to the compromise of your tax liability * * *" until its letter of April 18, 1956.

We are satisfied therefore that the statute of limitations did not bar this suit against the taxpayer. In view of this there is no need of our passing upon the other point raised of whether the defendant was estopped from asserting the statute of limitations defense.

The judgment of the district court will be affirmed.