**UNITED STATES of America,**
**Plaintiff,**

v.

**Morris COOPER–SMITH, Defendant.**

**No. 68–C–506.**

United States District Court,
E. D. New York.

March 18, 1970.

Edward R. Neaher, U. S. Atty., Eastern District of New York, for plaintiff; Cyril Hyman, Asst. U. S. Atty., of counsel.

Abraham W. Sereysky, New York City, for defendant.

BARTELS, District Judge.

This action involves the interpretation of a waiver of statute of limitations provision contained in a printed Offer in Compromise of a federal tax liability.

To reduce to judgment assessments for the years 1945 to 1947, inclusive, for federal income taxes, civil fraud penalties and interest, totalling $56,138.79, pursuant to a decision of the Tax Court of the United States entered on December 23, 1959, the Government filed a complaint against the defendant. It now moves for a summary judgment against the defendant and the defendant cross-moves for a summary judgment upon the ground that the action is time barred by the statute of limitations, which emerges as the sole issue in the case. The facts have been stipulated and appear as follows:

On May 6, 1960, the defendant-taxpayer was assessed for income tax deficiencies for the years 1945, 1946 and 1947 in the amounts of $15,061.47, $12,600.62 and $28,476.70, respectively. On October 26, 1965, the taxpayer filed an Offer in Compromise with the Internal Revenue Service on a printed form supplied by the Internal Revenue Service (Form 656). The pertinent portion of paragraph 2 of the form, which constitutes the essential terms of the offer, reads as follows:

"The total sum of $1,000.00 paid in full or payable on the deferred payment basis as follows: $100.00 with offer and $100. a month beginning on the 1st day of December 1965 and $100. monthly thereafter on the 1st of every month, with the balance of the Offer to be paid within 30 days of acceptance * * * together with interest at the rate of 6 percent per annum on the deferred payments, if any, from the date the offer is accepted until the respective payments are made in full, is hereby tendered voluntarily with the request that it be accepted in compromise of the above described liability (plus any accrued interest on the liability covered by this offer) of the taxpayer aforesaid."

Paragraph 6 of the same form contains the following printed provision:

"The undersigned proponent waives the benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for 1 year thereafter."

The taxpayer completed all the payments due under his compromise offer, the last installment having been mailed by the taxpayer on August 3, 1966 and

deposited in his account on August 10, 1966. However, it was not until November 17, 1966, approximately thirteen months after the offer had been submitted and more than three months after the last installment was paid, that the District Director of Internal Revenue rejected the taxpayer's offer. The pertinent statute of limitations with respect to collection, by levy or court proceedings, of taxes properly assessed appears in Section 6502(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 6502(a) [1] and, in substance, provides that the proceeding must begin "within 6 years after the assessment of the tax" which period in the ordinary course of events would have expired on May 6, 1966. The Government commenced this proceeding on May 22, 1968, and it is conceded that suit was begun after six years had elapsed after the assessment of the tax. The only problem posed is to what extent the statute of limitations was tolled by paragraph 6 of the compromise offer.

Apparently the case is one of first impression and requires the analysis of a somewhat ambiguous statute of limitations waiver arising largely from an anomalous factual situation caused by the payment in full of the compromise offer before it was accepted or rejected. There are two possible interpretations of the waiver language identifying the period during which the running of the statute of limitations is to be suspended. Does it refer to (1) the period during which the offer is pending plus one year, or, in the alternative, (2) the period during which any installment re-

mains unpaid plus one year? If the tolling is only for the period covered by the alternative construction in (2) above, then the Government is barred by the statute because the last installment of the offer was paid on August 3, 1966 and the time during which any intermediate installments remained unpaid (although paid on or about their due dates) aggregated nine (9) months and eight (8) days, which would have extended the statute to February 14, 1967. Adding one (1) year to this date would have permitted the Government to bring a suit up to and including February 14, 1968, which, of course, it failed to do.

On the other hand, if the statute were tolled while the compromise offer was still pending plus one (1) year, the suspension would have been one (1) year and twenty-two (22) days after May 6, 1966, plus one (1) additional year, thus extending the time within which legal action might have been instituted until May 28, 1968, before which date this suit has been commenced.

The taxpayer argues that the alternative construction of the waiver provision must be adopted because it is the shorter of the two periods and that where there is any ambiguity in the language it must be construed against the Government, particularly since the Government prepared the printed form of offer, citing United States v. Updike, 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed. 984 (1930).

In our view, the second alternative clause of the waiver provision of the Offer in Compromise contemplates a situation where the offer has been accepted by the Government and the installments still remain unpaid, thus pro-

1. Section 6502(a) reads as follows:
"Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
(1) within 6 years after the assessment of the tax, or
(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the

taxpayer before the expiration of such 6-year period (or, if there is a release of levy under section 6343 after such 6-year period, then before such release). The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The period provided by this subsection during which a tax may be collected by levy shall not be extended or curtailed by reason of a judgment against the taxpayer."

viding the Government with a remedy to enforce collection of unpaid installments under the accepted offer. See United States v. Wilson, 182 F.Supp. 567 (D.N.J.1960), affirmed, 304 F.2d 530 (3 Cir. 1962). It does not envision a case where all the installments have been paid while the offer has neither been accepted nor rejected and is still pending. During the time the offer remains open, the period covered by the first clause of the waiver provision applies and the statute of limitations begins to run one year after rejection. This comports with the purpose of the waiver, which is to permit the Government ample time to consider the offer without concern over any potential bar of the statute of limitations during the period of consideration. See Shambaugh v. Scofield, 132 F.2d 345 (5th Cir. 1942); United States v. Havner, 101 F.2d 161 (8th Cir. 1939); United States v. Shanman, 216 F.Supp. 408 (E.D.S.C.1963); United States v. Morgan, 213 F.Supp. 137 (S.D.Tex. 1962); United States v. Wilson, *supra*.

 As an additional but subordinate argument, the taxpayer refers to paragraph 7 of the printed form, which reads as follows:

"It is understood that this offer will be considered and acted upon in due course * * *"

claiming that the Government defaulted in not considering the offer in "due course" and as a consequence thereof cannot enforce the agreement for its own benefit. "Due course" depends upon the regular practice and procedure of the Government. There is no showing here that this offer was not considered and acted upon in accordance with the Government's regular practice and procedure in cases of this kind. Moreover, it would appear that in order to sustain the defendant's argument, some prejudicial connection would have to be shown between the alleged default and the enforcement of the waiver provision. No such showing has been made.

The court concludes that this action is not time barred and that plaintiff's motion for summary judgment must be granted, which simultaneously requires the denial of the defendant's cross-motion. Judgment shall be entered in accordance with this opinion upon submission of an order settled upon five (5) days' notice, setting forth the amounts owed by the defendant pursuant to the assessments in question (less those amounts already paid) with interest and costs as provided by law. So ordered.