**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Morris COOPER–SMITH, Defendant-Appellant.**

**No. 314, Docket 35293.**

United States Court of Appeals, Second Circuit.

Argued March 4, 1971.

Decided March 12, 1971.

Virginia M. Hopkinson, Atty., Tax Division, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Crombie J. D. Garrett, Washington, D.C., Edward

R. Neaher, U. S. Atty., for the Eastern District of New York and Cyril Hyman, Asst. U. S. Atty., on the brief), for appellee.

Abraham W. Sereysky, New York City, for appellant.

Before LUMBARD, Chief Judge, and KAUFMAN and ANDERSON, Circuit Judges.

PER CURIAM:

Morris Cooper-Smith appeals from an order of the Eastern District of New York, Bartels, J., granting summary judgment in favor of the government in its action to reduce to judgment income tax and civil fraud penalty assessments for the years 1945, 1946 and 1947. Judge Bartels denied Cooper-Smith's cross-motion for summary judgment which asserted that the statute of limitations barred the government's action, and judgment was entered for $86,495.-52.

The sole issue raised on appeal is whether the statute of limitations bars the government's recovery. On May 6, 1960, Cooper-Smith was assessed for these deficiencies. Section 6502(a) of the Internal Revenue Code of 1954 provides that an action for collection of taxes must be commenced within six years of assessment unless otherwise agreed upon in writing by the parties before this period has expired. In the absence of an agreement, the limitations period would have expired on May 6, 1966. However, on October 26, 1965, Cooper-Smith filed an offer of compromise on a printed Internal Revenue Service form. Taxpayer offered to pay $1,000 in monthly installments of $100, with the balance payable within 30 days of acceptance, as full settlement for his liability. Paragraph 6 of the form provided:

"The undersigned proponent waives the benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for 1 year thereafter."

Pursuant to the terms of the offer, Cooper-Smith mailed monthly installments which the government deposited in his account. The final installment was paid on August 3, 1966 and deposited on August 10, 1966. On November 17, 1966, approximately thirteen months after the offer was submitted and after the final installment had been paid, the government rejected the offer. This action was commenced on May 22, 1968.

Under the agreement quoted above, the government contends, and Judge Bartels held, that the statute of limitations did not run until May 28, 1968, and therefore the suit was timely brought. It argues that the statute of limitations did not start to run again until the offer had been rejected. Since there was six months and a few days remaining to file suit at the time of the offer, and the agreement provided for an extra year for the government to commence this action, the statute of limitations did not run until over a year and six months from November 17, 1966, the date the offer was rejected. Cooper-Smith, on the other hand, contends that under the literal language of the agreement, the statute of limitations might be deemed to start running again on the date the last installment was paid, August 3, 1966, regardless of the government's failure to act on the offer. Under this interpretation, the limitations period would have expired on February 14, 1968, before this action was commenced. Taxpayer argues that any ambiguity in the agreement should be interpreted against the government, especially since the government prepared the printed form. Alternatively, he claims that the government failed to reject his offer in "due course" as provided in the agreement, and consequently the government should be precluded

from insisting upon the longer limitations period provided therein.

For the reasons stated by Judge Bartels below, 310 F.Supp. 479 (E.D.N.Y. 1970), we agree that this action is timely, and affirm the order of the district court.