**UNITED STATES of America, Plaintiff-Appellee,**

v.

**H. Barry RESSLER and Oscar M. Williams, Defendants-Appellants.**

**No. 77–2837**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 14, 1978.

Rehearing Denied Sept. 5, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Sidney A. Soltz, Miami, Fla., for defendants-appellants.

Jack V. Eskenazi, U. S. Atty., M. Carr Ferguson, Gilbert E. Andrews, Act. Chief, App. Sect., Jonathan S. Cohen, Ronald A. Dweck, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

On August 1, 1975, the United States filed this civil suit to collect unpaid taxes and to set aside as fraudulent certain conveyances of real property made by defendant Ressler. After a nonjury trial, the district judge found that the conveyances of the real property were fraudulent as to the United States and therefore rendered null and void by Florida law, and that defendant Ressler is indebted to the United States for tax liabilities in the amount of $33,619.01 plus statutory additions. Defendants appealed.

The sole issue which we discuss on this appeal is whether this suit is barred by the Internal Revenue Code's six-year statute of limitations for collection after assessments, 26 U.S.C.A. § 6502(a), since the bulk of the assessments involved were assessed more than six years prior to the commencement of this action. We hold that the action was timely, because the statute of limitations was extended by an agreement between defendant Ressler and the Government to beyond the date on which the complaint was filed.

The earliest assessment involved in the present suit was made on April 8, 1965. Thus, without more, the statute of limitations on collecting such assessments would have run six years later on April 8, 1971.

On December 8, 1969, defendant Ressler made an offer of compromise of his tax liabilities. The offer, set forth on the Internal Revenue Service's standard Form 656, contained the following provision extending the statute of limitations:

6. The undersigned proponent waives the benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for 1 year thereafter.

■ The purpose of giving a waiver, in connection with an offer of compromise, is to enable the Government to consider the offer without suffering prejudice because of the running of the statute of limitations against the collection of the tax while the offer is being considered. *United States v. Harris Trust & Savings Bank,* 390 F.2d 285, 287–288 (7th Cir. 1968); *United States v. Havner,* 101 F.2d 161, 163 (8th Cir. 1939). The District Director of the IRS signed the form, thereby accepting the waiver, on January 6, 1970. It is on that date that the suspension of the running of the limitations period commenced. *United States v. Cook,* 494 F.2d 573, 575 (5th Cir. 1974).

■ The running of the statutory period is suspended until the offer of compromise is terminated, withdrawn, or formally rejected. *See Myrick v. United States,* 296 F.2d 312 (5th Cir. 1961). In addition, it is suspended for one additional year, as provided by the terms of the offer.

■ In this case, the offer of compromise was rejected by the Government on May 3, 1973. Thus, the offer of compromise was pending from January 6, 1970 until May 3, 1973, a period of 3 years, 3 months and 27 days. In addition, the agreement calls for an extension of one additional year, for a total extension of 4 years, 3 months and 27 days. As noted earlier, since the earliest assessment was that of April 8, 1965, the six-year statute of limitations would have expired on April 8, 1971. That was extended by the offer of compromise, however, by 4 years, 3 months and 27 days, or until August 4, 1975. Suit was commenced by the Government on August 1, 1975, within the period of the statute of limitations as

extended by the parties' agreement. The suit was therefore timely commenced. *See United States v. Moyer,* 308 F.Supp. 754 (W.D.Pa.1968), *aff'd per curiam,* 420 F.2d 375 (3d Cir.), *cert. denied,* 400 U.S. 819, 91 S.Ct. 36, 27 L.Ed.2d 46 (1970).

■ Defendant Ressler contends, however, that an earlier date must be set as the termination date of the offer. Defendant was indicted in 1972 for filing a false financial statement in connection with this offer of compromise. He pled guilty and was sentenced on February 26, 1973. Defendant contends that this date, rather than May 3, 1973 when the Government officially rejected his offer, should determine the termination date of the offer of compromise. If the date of sentencing is chosen, the statute of limitations as extended would have expired on May 28, 1975.

Defendant's computation is as follows: the offer of compromise was made on January 6, 1970, and terminated when defendant was sentenced, on February 26, 1973, for an extension period of 3 years, 1 month and 20 days, plus the additional one year granted by the agreement. When that period is added to the normal expiration date of April 8, 1971, the statute of limitations would expire on May 28, 1975. Since the complaint was not filed until some two months later, on August 1, 1975, the Government's suit would be untimely.

In support of his position, defendant cites *Coy v. United States,* 377 F.2d 925 (9th Cir. 1967), where the Ninth Circuit so held. We decline to adopt the *Coy* decision as the rule in this Circuit. We find no reason why proceedings in a criminal matter should have any effect on whether even a related civil matter can be compromised. There is nothing necessarily inconsistent from the Government's standpoint in prosecuting for fraud and still considering an offer of compromise of the civil liability for tax. The prosecuted taxpayer is not left unprotected: if he thinks that his prosecution is inconsistent with acceptance of his offer of compromise, he can withdraw the offer upon notice to the Government, and thus terminate the

toll on the statute of limitations. Accordingly, we reject *Coy*'s reasoning.

The complaint in this suit was, therefore, not time barred. Defendants' other contentions are meritless.

AFFIRMED.