**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lawrence M. HOLLOWAY; Roena J. Holloway, Defendants-Appellants.**

No. 85–1128.

United States Court of Appeals, Sixth Circuit.

Argued July 25, 1986.

Decided Aug. 18, 1986.

Rehearing Denied Sept. 15, 1986.

Robert J. Solner, Solner, Solner & Solner, P.C., Kathleen A. Solner (argued), Birmingham, Mich., for defendants-appellants.

Michael L. Paup, Glenn L. Archer, Jr., Tax Div., Dept. of Justice, Washington, D.C., Richard Farber, Michael J. Roach (argued), Washington, D.C., for plaintiff-appellee.

Before LIVELY, Chief Judge; KENNEDY and MILBURN, Circuit Judges.

PER CURIAM.

The defendants, husband and wife, appeal from an order of the district court granting summary judgment to the United States and reducing to judgment certain income tax assessments. The Tax Court determined deficiencies in the defendants' income tax returns for the years 1950 to 1957 and 1960. This determination was made on October 30, 1964. On June 18, 1965 the defendants submitted an offer in compromise, which both of them signed, to satisfy all outstanding liabilities. A statement of financial condition, signed only by Lawrence M. Holloway, was submitted with the offer and showed his total assets to be about $4,400 and his liabilities at approximately $240,000. The printed offer of compromise form contained the following provision:

> The undersigned proponent waives the benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compro-

mised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or of the period during which any installment remains unpaid, and for 1 year thereafter.

On February 3, 1966 the Internal Revenue Service (IRS) assigned the defendants' offer to special agents for investigation of possible fraud and on October 18, 1968 the matter was referred to the Department of Justice for consideration of instituting criminal proceedings. The taxpayers were indicted on May 20, 1970 for knowingly and willfully filing a false statement of financial condition and other information. The district court dismissed these charges for pre-indictment delay and thereafter the defendants' offer of compromise was re-turned to the IRS collection division. On June 12, 1972 the IRS notified the defendants that the offer could not be processed until an updated statement of financial condition was received. When the defendants failed to provide further information the IRS formally rejected the offer of compromise on February 14, 1973. On September 20, 1976 the government filed this action to reduce to judgment the original 1964 tax assessments. Following an evidentiary hearing the district court determined that the government had proceeded in due course in considering the defendants' 1965 offer and granted summary judgment for the United States.

The issue on appeal is whether the government filed this action within the limitations period. In *United States v. Ressler*, 576 F.2d 650, 652 (5th Cir.1978), the court stated:

> The running of the statutory period is suspended until the offer of compromise is terminated, withdrawn, or formally rejected. *See Myrick v. United States*, 296 F.2d 312 (5th Cir.1961). In addition, it is suspended for one additional year, as provided by the terms of the offer.

■ defendants argue that the six-year statute of limitations which was tolled by their offer of compromise began to run again when the Internal Revenue Service referred the matter to the Department of Justice for possible criminal proceedings. They argue that this was an implied rejection of the offer of compromise and that no withdrawal by them or formal rejection by the IRS was necessary to start the statute of limitations running again. The *Ressler* court dealt with this argument as well, stating:

> We find no reason why proceedings in a criminal matter should have any effect on whether even a related civil matter can be compromised. There is nothing necessarily inconsistent from the Government's standpoint in prosecuting for fraud and still considering an offer of compromise of the civil liability for tax. A prosecuted taxpayer is not left unprotected: if he thinks that his prosecution is inconsistent with the acceptance of his offer of compromise, he can withdraw the offer upon notice to the Government, and thus terminate the toll on the statute of limitation.

*Id.* at 652–53.

We agree with the analysis of the Fifth Circuit and adopt the reasoning of *Ressler*. Thus, the running of the statute of limitations did not begin until the IRS formally rejected the offer of compromise, which the defendants had never withdrawn.

■ The defendants also argue that the district court erred in finding that the IRS considered their offer of compromise in due course. As the court held in *United States v. Cooper-Smith*, 310 F.Supp. 479, 482 (E.D.N.Y.1970), *aff'd*, 439 F.2d 1095 (2d Cir.1971), " 'Due course' depends on the regular practice and procedure of the Government." The defendants had the burden of demonstrating that their offer of compromise was not acted upon in accordance with the regular practice and procedure of the IRS in order to prevail on this contention. They made no showing to support such a finding.

The judgment of the district court is affirmed.