ESTATE OF Elizabeth C. DILLINGHAM, Deceased, Dan L. Dillingham and Tom B. Dillingham, Co-executors, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

Nos. 89–9003, 89–9004.

United States Court of Appeals, Tenth Circuit.

May 14, 1990.

Julian P. Kornfeld and E. Marissa Maxey of Kornfeld & Franklin, Oklahoma City, Okl., on the briefs, for petitioners-appellants.

Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, David I. Pincus, and Janet A. Bradley, Attys., Tax Div., Dept. of Justice, Washington, D.C., on the brief, for respondent-appellee.

Before ANDERSON and BRORBY, Circuit Judges, and THEIS, District Judge.[*]

BRORBY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Appellant–Petitioner appeals an adverse decision of the United States Tax Court.

## I

These cases were submitted on fully stipulated facts. Appellant is the estate of Elizabeth C. Dillingham. (Elizabeth C. Dillingham is hereinafter referred to as "decedent.") Decedent's estate is represented by Dan L. Dillingham and Tom B. Dillingham, coexecutors and residents of Enid, Oklahoma. The decedent was a resident of Enid, Oklahoma. On or about December 24, 1980, the decedent delivered six checks ("the checks") in the following amounts to the following six individuals:

| Name | Amount |
| --- | --- |
| Ethel B. Gauley | $ 3,000 |
| Tom B. Dillingham | $ 3,000 |
| Dan L. Dillingham | $ 3,000 |
| Kay C. Dillingham | $ 3,000 |
| Robert Hutton | $ 3,000 |
| Jeanne G. Dillingham | $ 3,000 |
| | $18,000 |

On or about January 28, 1981, the donees presented the checks to the drawee bank for payment and the checks were paid. Also on or about January 28, 1981, the decedent delivered an additional check in the amount of $3,000 to each of the donees. That same day, the donees presented these additional checks to the drawee bank for payment and the additional checks were paid. Decedent died on June 7, 1981.

Respondent issued a statutory notice of deficiency to petitioner in the estate tax case on April 8, 1985, asserting additional federal estate taxes of $369,644.05. The statutory notice in the estate tax case was not issued within the three-year limitation period established in I.R.C. § 6501(a).[1] Respondent also issued a statutory notice of deficiency to petitioner in the gift tax case on April 19, 1985. Petitioner filed a petition with the United States Tax Court in the estate tax case on June 28, 1985, asserting the bar of the three-year statute of limitation. Respondent answered by raising the affirmative defense that the six-year statute of limitation provided in I.R.C. § 6501(e)(2) was applicable.[2]

---

[*] The Honorable Frank G. Theis, United States District Judge for the District of Kansas, sitting by designation.

1. Section 6501(a) *General Rule.*—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

2. Section 6501(e)(2) *Estate and Gift Taxes.*—In the case of a return of estate tax under chapter 11 or a return of gift tax under chapter 12, if the taxpayer omits from the gross estate or from the total amount of the gifts made during the period for which the return was filed items includible in such gross estate or such total gifts, as the case may be, as exceed in amount 25 percent of the gross estate stated in the return or the total amount of gifts stated in the return, the tax may be assessed, or a proceeding in court for the

Appellant also argued before the tax court that the gifts represented by the checks were complete in 1980 because the payment of the checks "relates back" to the date the checks were delivered. Respondent countered that the gifts were not complete in 1980 because the "relation back doctrine" does not apply to noncharitable gifts and because the decedent did not part with "dominion and control" over the checks in 1980.

The tax court held that the payment of the checks in 1981 did not relate back to the delivery of the checks in 1980. The tax court further held that the decedent did not part with "dominion and control" over the property until payment of the checks by the decedent's bank during 1981.

On appeal, appellant asserts (1) that the tax court should have placed the burden of proof on the respondent to demonstrate the applicability of the six-year statute of limitation of § 6501(e)(2) and (2) that the respondent failed to sustain its burden of proof before the tax court.

With respect to the gift tax deficiency, the parties agree that if the checks constitute gifts in 1980, the checks qualify for the annual exclusion in the amount of $3,000 per donee pursuant to I.R.C. § 2503(b). Conversely, if the checks constitute gifts in 1981, the checks do not qualify for the annual exclusion.

With respect to the estate tax deficiency, the parties agree that if the checks constitute gifts in 1980, (1) petitioner has not omitted $36,000 (the sum of the checks and the additional checks) from the decedent's gross estate, (2) the six-year limitation period on assessment and collection under § 6501(e)(2) is not applicable in the instant case, and (3) the assessment of the estate tax deficiency determined by respondent in the statutory notice of deficiency is barred by the three-year limitation period under § 6501(a). Conversely, if the checks constitute gifts in 1981, (1) $36,000 was omitted from the decedent's gross estate, (2) the six-year limitation period on assessment and collection under § 6501(e)(2) is applicable in the instant case, and (3) the assessment of the estate tax deficiency determined by respondent in the statutory notice of deficiency is not barred by that limitation period.

## II

### A. Statute of Limitations Burden of Proof.

■ Appellant first argues that, because the respondent issued the notice of deficiency in the estate tax case after the expiration of the three-year limitation period, respondent has the burden to establish that the alternate six-year limitation period applies.[3] We agree. To obtain the extended limitation period of § 6501(e)(2), respondent must show that omitted amounts were properly includible in the gross estate and that an amount in excess of twenty-five percent of the gross estate was omitted. *See, Weikel v. Commissioner,* 51 T.C.M. (CCH) 432 (1986); *Reis v. Commissioner,* 1 T.C. 9 (1942), *aff'd,* 142 F.2d 900 (6th Cir. 1944). Accordingly, respondent in this case must show that the six checks delivered by the decedent on December 24, 1980, were properly includible in decedent's gross estate. However, as we discuss below, we conclude that respondent's burden was satisfied as a matter of law through the facts as stipulated.

### B. Dominion and Control.

■ I.R.C. § 2501 imposes a tax on the transfer of property by gift, and I.R.C. § 2511 defines the transfers to which the gift tax applies. Providing further defini-

---

collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. In determining the items omitted from the gross estate or the total gifts, there shall not be taken into account any item which is omitted from the gross estate or from the total gifts stated in the return if such item is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.

3. Appellant made this same argument before the tax court in its first motion for reconsideration. The tax court agreed with appellant, but found that respondent had met the burden. Memorandum Sur Order at 2–3.

tion, Treas.Reg. 25.2511-2(b) states that a gift is complete when "the donor has so parted with dominion and control [over the property] as to leave in him no power to change its disposition." Subsection (c) adds that a gift is incomplete when "a donor reserves the power to revest the beneficial title to the property in himself." Accordingly, in order to establish that the checks delivered in 1980 do not constitute gifts in 1980, but are instead properly includible in the estate, respondent must show that the decedent did not part with "dominion and control" over the funds in her checking account at the time she disbursed the checks.

To determine whether, on the facts as stipulated, decedent retained "dominion and control" over the property represented by the checks, we must look to the relevant state law, in this case the law of Oklahoma. *Burnet v. Harmel*, 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199 (1932) ("state law creates legal interests but the federal statute determines when and how they shall be taxed").

A survey of Oklahoma law statutes demonstrates that, absent consideration from the payee to the drawer of a check, a stop payment order by the drawer operates to extinguish liability of the drawer to the payee.[4] Here, the checks were not distributed in exchange for consideration. Thus, under Oklahoma law, decedent retained the power to stop payment and thereby defeat the claims of the donees from the time the checks were delivered (in 1980) until they were cashed (in 1981). Accordingly, respondent has met its burden of establishing that decedent retained "dominion and control" over the checks throughout 1980 and therefore that the proceeds of the checks were properly includible in the estate.

### C. The Relation Back Doctrine.

█ Notwithstanding our conclusion above, this court could still hold that the checks constituted completed gifts in 1980 if we determine that the cashing of a check delivered as a noncharitable gift "relates back" to the time the check was written. The relation back doctrine was first articulated in *Estate of Spiegel v. Commissioner*, 12 T.C. 524 (1949), where the tax court held that for purposes of allocating annual income tax deductions, a check delivered as a charitable contribution was considered a payment in the year delivered, even though not debited from the donor's account until the subsequent year. *Id.* at 529. This doctrine was expanded to the estate tax area in *Estate of Belcher v. Commissioner*, 83 T.C. 227 (1984), where the tax court held that a bank's payment after the donor's death of a check delivered for *charitable* purposes relates back to the date of delivery so that the funds disbursed by the check are not includible in a decedent's gross estate. *Id.* at 235.

In *Belcher*, the tax court specifically declined to decide whether the relation back doctrine would also extend to *noncharitable* donations:[5]

One final word. In *Spiegel,* we observed that "Charitable contributions may be gifts in the broad sense, but for tax purposes they fall into a special class and there is special legislation dealing with them. What we say here is intended to apply to charitable contributions and not necessarily to all categories of gifts." Similarly, we intend our holding in this case to apply only to charitable contributions for estate tax purposes. Sufficient unto another day the question

---

**4.** Okla.Stat.Ann. tit. 12A, § 3–409(1) (West 1963) (U.C.C. § 3–409(1)), provides that a check "does not of itself operate as an assignment of any funds in the hands of the drawee [bank] ..., and the drawee [bank] is not liable on the instrument until he accepts it." A payee who is *not a holder in due course* takes a check subject to the defense of want or failure of consideration under § 3–306(c) (U.C.C. § 3–306(c)). Under § 3–302(1)(a) (U.C.C. § 3–302(1)(a)), a payee does not become a holder in due course where no consideration is given to a drawer of a

check by the payee in exchange for the drawer's check. Finally, § 4–403(1) (U.C.C. § 4–403(1)) provides the drawer of a check with the power to stop payment.

**5.** Since the decision in the instant case, the tax court has specifically concluded that the relation back doctrine *does not* extend to gifts of a noncharitable nature. *Estate of Gagliardi v. Commissioner,* 89 T.C. 1207, 1212 (1987).

of includability of noncharitable gifts under similar circumstances.

*Belcher,* 83 T.C. at 238–39.

Since *Belcher,* one circuit court, the Seventh in *McCarthy v. United States,* 806 F.2d 129 (7th Cir.1986), has considered whether the payment, after the death of the donor, of a check distributed for the purpose of making a noncharitable gift relates back to the date the check was distributed. In determining not to so extend relation back treatment, the *McCarthy* court noted at least one significant practical distinction for estate tax purposes between charitable and noncharitable gifts. The court reasoned that if the proceeds of a check made out to a charitable organization and cashed after the death of the decedent are not afforded relation back treatment and thus are included in the gross estate under I.R.C. § 2031(a), " '[t]he inclusion of [this check] would at the very least create the possibility that [it] would qualify as [a § 2055] charitable deduction[ ], ... creating a "wash." ' " [6] 806 F.2d at 132 (quoting *Belcher,* 83 T.C. at 232). A similar statutory "wash" would be created if the check was written in satisfaction of a bona fide legal obligation. Bona fide legal claims against an estate may be deducted from the value of the gross estate under I.R.C. § 2053. However, there is no statutory vehicle for deducting from the value of the gross estate noncharitable gifts that remain unpaid at death. On the contrary, the exclusion from a decedent's gross estate of noncharitable gifts up to the statutory amount operates only upon completion of that gift *prior* to the donor's death. I.R.C. § 2035(b)(2); *McCarthy,* 806 F.2d at 132. The *McCarthy* court went on to conclude:

[T]here remains sufficient justification compelling the *inclusion* [in the gross estate] of outstanding checks issued to noncharitable donees. The Internal Revenue Code now exempts only those gifts *made* by a decedent up to $10,000 per donee, per year. I.R.C. § 2035(b)(2) (1985). To the extent of that exemption, application of the relation back doctrine fosters estate tax avoidance. By issuing a check to a noncharitable donee with the understanding that it not be cashed until after his death, a decedent may effectively bequest up to $10,000 per donee, thus avoiding the estate tax consequences normally attending such transactions.

*Id.* (emphasis partially added).

Of course, the instant case differs from *McCarthy* and *Belcher* in that the checks here were cashed *prior* to decedent's death. However, since the checks here were not cashed in the year for which favorable tax treatment is sought, adoption of the relation back doctrine in this case might still "foster tax avoidance."

The tax scheme as amended in 1981 now exempts noncharitable gifts up to the amount of $10,000 per donee, *per year.* I.R.C. §§ 2035, 6019 and 2503. As we discussed in section II.A. of this opinion, Congress has established specific regulatory guidelines for determining whether a gift has been completed within a particular year and thus whether favorable tax treatment applies. At least one of the requirements for that favorable treatment is that the donated property be removed from the "dominion and control" of the donor during the applicable tax year.

Were we to extend the relation back doctrine to the circumstances of this case, the tax scheme established by Congress and the policy choices that scheme represents could be easily frustrated through a mutual understanding between donor and donee

---

**6.** § 2055. Transfers for public, charitable, and religious uses

(a) In general.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers—

\* \* \* \* \* \*

(2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes....

that gifted checks not be cashed until some future date *after* the end of the year. The donor would thereby be able to reap the favorable estate and gift tax benefits attending limited yearly transfers of property when, in fact, he has not relinquished the control and use of the property (the cash in this case). This court is not inclined to open the door to such arrangements. Accordingly, we decline to extend the relation back doctrine to the circumstances of this case, where all of the checks were distributed in one year, 1980, and cashed on the same day in late January 1981.[7]

### III

In conclusion, we hold that the respondent has the burden of proof in demonstrating the applicability of the six-year statute of limitation under § 6501(e)(2). However, we also hold that respondent has met his burden in this case by showing that the checks distributed to noncharitable donees in 1980 were not cashed until 1981. Finally, we decline to extend the application of the relation back doctrine to the circumstances of this case. The decision of the tax court is therefore AFFIRMED.

7. We express no opinion as to circumstances where late December gifts are cashed immediately after the New Year holidays, when financial institutions are closed. Sufficient to say that those are not the circumstances of this case.