**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Orville Wayne McGEE, Defendant–
Appellant.**

No. 91–56257.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 1, 1993.

Decided May 17, 1993.

Ronald K. Van Wert, Newport Beach, CA, for defendant-appellant.

Curtis C. Pett, Tax Div., U.S. Dept. of Justice, Washington, DC, for plaintiff-appellee.

Before D.W. NELSON, WIGGINS, and LEAVY, Circuit Judges.

WIGGINS, Circuit Judge:

On July 26, 1990, the United States brought suit to reduce to judgment unpaid federal tax assessments made against Orville Wayne McGee that totalled $92,957.28, plus interest. McGee moved to dismiss the suit for failure to state a claim on the ground that it was not brought within the six-year limitations period of 26 U.S.C. § 6502(a)(1988). McGee asserted that the complaint failed to allege that he had waived the limitations period. The district court granted the United States leave to amend the complaint. Both parties then moved for summary judgment on the statute of limitations issue, and the district court granted the government's motion for summary judgment. McGee appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## FACTS

McGee and his former wife operated a mobile home sales business during 1980 and 1981. During this time, some of the taxes that were withheld from their employees' wages were not paid to the government. In June of 1982, the Internal Revenue Service ("IRS") made several assessments against the McGees. As of July 26, 1990, McGee owed the government $92,957.68, plus interest.[1] McGee does not dispute the merits of the assessments. He merely contends that the government was time barred from reducing the assessments to a judgment.

On September 27, 1983, McGee submitted an offer in compromise to the IRS regarding the assessments on IRS Form 656. This offer included the following waiver:

> 6. The taxpayer-proponents waive the benefit of any statute of limitations applicable to the assessment and collection of the liability sought to be compromised, and agree to the suspension of the running of the statutory period of limitations on assessment and collection for the period during which this offer is pending, . . . and for 1 year thereafter.

The IRS signed the Form 656 and accepted this waiver the same day. The offer in compromise was then assigned to IRS Revenue Officer Hall for investigation. On April 17, 1984, Hall advised McGee that the offer would not be accepted as submitted but might be accepted if modified. Negotiations continued between Hall and McGee. On September 25, 1984, McGee advised Hall that he wanted Hall's proposed offer. On October 1, 1984, Hall sent an amended offer to McGee for his signature. McGee did not return the amended offer. On October 19, 1984, the IRS sent McGee a letter with an attached recommendation report that was drafted by Hall. The letter indicated that McGee's offer in compromise was not acceptable and that he had 15 days to appeal the ruling. McGee did not appeal. On November 14, 1984, the IRS sent him a letter formally rejecting his offer.

## DISCUSSION

### I. *Statute of Limitations*

■ We review de novo the district court's grant of summary judgment. *See FDIC v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir.1992). We view evidence in the light most favorable to the non-moving party to determine whether there are any genuine issues of material fact for trial. *See id.* The government has the burden of proving the existence and validity of a waiver of the statute of limitations. *See United States v. McGaughey*, 977 F.2d 1067, 1071 (7th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1817, 123 L.Ed.2d 447 (1993); *Estate of Dillingham v. Commissioner*, 903 F.2d 760, 762 (10th Cir.1990).

The issue in this case is when the effect of McGee's waiver of the statute of limitations terminated. The waiver suspended the running of the statute of limitations for the period during which the offer in compromise was "pending" and for one year thereafter. If the government's October 19, 1984, letter to McGee or any prior act by the government caused the offer in compromise to be no longer "pending," then the government's July 26, 1990, filing of suit against McGee was barred by the statute of limitations. However, if the offer in compromise was still "pending" when the government rejected it in its

---

1. The government dismissed the action against McGee's wife, Vickie McGee.

186

November 14, 1984, letter to McGee, then the government's suit was timely.

McGee makes two arguments to support his position that the statute of limitations ran before the government filed suit. First, he asserts that prior to October 19, 1984, the IRS had abandoned its consideration of his offer in compromise, thereby impliedly rejecting the offer. Next, he contends that even if negotiations continued into October of 1984, the October 19th letter formally rejected his offer. We reject both arguments.

A. The Government Did Not Abandon or Impliedly Reject McGee's Offer in Compromise.

█ McGee argues that the offer in compromise was no longer "pending" before the IRS after revenue officer Hall proposed an amended offer. McGee's argument fails because the waiver remained in effect until the offer in compromise was either terminated, withdrawn, or formally rejected by the government. *See United States v. Holloway*, 798 F.2d 175, 176 (6th Cir.1986), *cert. denied*, 481 U.S. 1018, 107 S.Ct. 1897, 95 L.Ed.2d 503 (1987); *United States v. Ressler*, 576 F.2d 650, 652 (5th Cir.1978), *cert. denied*, 440 U.S. 929, 99 S.Ct. 1265, 59 L.Ed.2d 485 (1979). McGee does not claim that he withdrew his offer. Therefore, his waiver remained in effect until the government formally rejected the offer on November 14, 1984.

In support of his argument that the government impliedly rejected his offer in compromise, McGee relies on *Coy v. United States*, 377 F.2d 925, 928 (9th Cir.1967). In *Coy*, the taxpayer was prosecuted and convicted for submitting a fraudulent offer in compromise. The court held that the prosecution and conviction operated as an implied rejection of the taxpayer's offer in compromise. *Id.* at 927. However, in this case, not only was McGee not prosecuted for fraudulently submitting his offer in compromise, the IRS never alleged any fraud.

█ Moreover, cases from other circuits persuasively indicate that, absent a prosecution and conviction of a taxpayer, the government does not impliedly reject an offer in compromise by abandoning consideration of the offer. In *Holloway*, 798 F.2d at 176, the

Sixth Circuit rejected the taxpayers' argument that the IRS's referral of their case to the Department of Justice for possible prosecution, on the ground of filing fraudulent documents in support of their offer in compromise, constituted an implied rejection of the offer. The court noted that the taxpayers were not left unprotected because they were free at any time to withdraw the offer, thus restarting the statute of limitations clock. *Id.* In this case, McGee was also not left unprotected; he could have withdrawn his offer at any time.

█ Likewise, the making of additional assessments against a taxpayer and the sending of a notice and demand for payment do not constitute an implied rejection. *Myrick v. United States*, 296 F.2d 312, 313–14 (5th Cir.1961). Further, rejection does not occur until the government formally rejects the offer, even if the taxpayer completes his payments under the offer in compromise while the offer is still pending. *United States v. Cooper–Smith*, 439 F.2d 1095, 1096 (2d Cir.1971), *aff'g* 310 F.Supp. 479 (E.D.N.Y. 1970).

Accordingly, we reject McGee's argument that the government impliedly rejected his offer by abandoning serious consideration of it.

B. The October 19th Letter Was Not a Rejection.

█ McGee argues in the alternative that the October 19, 1984, letter he received from the IRS was a final rejection of his offer in compromise. We disagree. That letter was merely notice of a proposed rejection. The letter notified McGee that the IRS had determined that his offer in compromise was not acceptable and gave McGee fifteen days to contest that finding. It concluded "[i]f we do not hear from you within 15 days, we will have to send you a formal rejection of your offer in compromise." On November 14, 1984, the IRS finally rejected the offer in compromise in a letter that was stamped "OFFER REJECTED *NOV 14 1984*." Thus, because we conclude that the offer in compromise was not formally rejected until the IRS sent its letter of November 14, 1984,

the government's suit was filed within the statute of limitations period.

## II. *Leave to Amend*

We review a district court's grant or denial of a request for leave to amend a complaint for an abuse of discretion. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir.1991). "[L]eave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Dist. Co. v. Serv–Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir.1986). The district court correctly granted the government leave to amend because, as we indicate above, the government in fact proved that McGee's offer in compromise validly waived the statute of limitations. Moreover, the running of a statute of limitations is an affirmative defense that must be pleaded and proved by a taxpayer. *See* Fed. R.Civ.P. 8(c); *United States v. Gurley*, 415 F.2d 144, 147 (9th Cir.1969). The government is not required to plead on the subject of an anticipated affirmative defense. 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 2d* § 1276 (1990). Accordingly, the district court did not abuse its discretion by granting the government leave to amend its complaint.

AFFIRMED.