62 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
URBATEC, Plaintiff-Appellant,
v.
CITY OF WHITTIER; Whittier Redevelopment Agency; Whittier
Public Financing Authority; City Council of the City of
Whittier; Victor A. Lopez; Thomas A. Sawyer; Robert F.
Woehrmann; Gene H. Chandler; Myron D. Claxton; Doris
Morris; Robert L. Henderson; Helen McKenna Rahder; Thomas
G. Mauk; Henry C. Cunningham; Clara Wong; Ann O'Donnell;
Seidler-Fitzgerald Public Finance, a division of the Seidler
Companies, Inc.; John C. Fitzgerald; Los Angeles County;
and County Auditor of Los Angeles County, Defendants-Appellees.
 No. 94-55536.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1995.
Decided Aug. 3, 1995.
 
 1
 Before: FARRIS and O'SCANNLAIN, Circuit Judges, and TASHIMA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Urbatec, the developer of a shopping center, appeals the district court's summary judgment and dismissal of its suit against The Seidler Companies Incorporated, including Seidler-Fitzgerald Public Finance Division and John C. Fitzgerald; the City of Whittier; the Whittier Redevelopment Agency; and other related municipal entities and individuals.[1] Urbatec claims that the Whittier Defendants, assisted by the Underwriter Defendants, (1) impaired Urbatec's contractual rights to certain tax revenue, (2) violated its substantive due process rights, and (3) took property without just compensation. Urbatec seeks damages and attorney's fees for these alleged constitutional violations under 42 U.S.C. Sec. 1983. Urbatec also alleges supplemental state law claims for breach of contract and specific performance. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 BACKGROUND[2]
 
 4
 In January 1989, Urbatec entered into a development agreement with the Whittier Redevelopment Agency to develop a shopping center. Urbatec agreed to pay certain special taxes assessed against the shopping center property. Urbatec is to be reimbursed for the special tax assessment by receiving (1) 80% of the property tax increment that the Agency receives from the County of Los Angeles attributable to the increase in property value caused by the shopping center, and (2) 50% of the sales tax revenue from the shopping center.
 
 However, the agreement also provides that
 
 5
 [t]he obligations of the Agency under this Agreement shall be subordinate to any pledge of tax increment made by the Agency for the purpose of selling tax allocation bond(s), provided that the Agency takes such steps as are necessary in the sizing of such bonds to leave sufficient tax increments unpledged to the bond issue or issues as reasonably determined by the Agency to enable the Agency to make the Net Tax Increment Proceeds payments required by this Agreement.... Nothing in this Agreement shall be construed to give Developer any right to approve, disapprove or place conditions upon Agency indebtedness.
 
 
 6
 Development Agreement Sec. 204.
 
 
 7
 In December 1990, the Whittier Defendants, with the assistance of the Underwriter Defendants, issued bonds to be paid from the development project tax increment. The Whittier Defendants assured Urbatec that these new bonds would not affect the Agency's ability to fulfill its obligations under the development agreement. This representation turned out to be false.
 
 
 8
 Urbatec expected to receive its first reimbursement payment from the property tax increment in early January 1993. As of June 1993, Urbatec still had not received any payment. Urbatec made demand for payment as required by the agreement and state law and then filed this suit in July 1993. Since filing the suit, Urbatec has received some reimbursement, but far below that which is owed.
 
 DISCUSSION
 
 9
 The district court granted summary judgment on Urbatec's contract clause claim, dismissed the substantive due process and takings claims for failure to state a claim, and declined to exercise supplemental jurisdiction over the remaining state law claims. The court also denied Urbatec's motion to amend its complaint.
 
 
 10
 We review de novo the district court's summary judgment, Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and dismissal for failure to state a claim. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). We review for abuse of discretion the district court's denial of the motion to amend. United States v. McGee, 993 F.2d 184, 187 (9th Cir.1993). Urbatec does not challenge the district court's decision not to exercise supplemental jurisdiction over the remaining state law claims.
 
 I. Impairment of Contracts
 
 11
 The Constitution provides that "No State shall ... pass any ... Law impairing the Obligation of Contracts." U.S. Const. art. I, Sec. 10, cl. 1. To succeed on its contract clause claim, Urbatec must first show that state law "has, in fact, operated as a substantial impairment of a contractual relationship." Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 244 (1978). "This inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial." General Motors Corp. v. Romein, 503 U.S. 181, 186 (1992). In this case, the second question is dispositive.
 
 
 12
 The Whittier Defendants, with the assistance of the Underwriter Defendants, sold an oversized bond issue that will seriously undermine the Agency's ability to make contractually mandated payments to Urbatec. Urbatec argues that the issuance and sizing of these bonds, a legislative act, impaired the contract.
 
 
 13
 Urbatec's theory does not fall within that contemplated by the contract clause. To demonstrate a contract clause violation, "[t]he state action complained of must alter the obligations or duties of the parties to a contract." Northwestern National Life Insurance Co. v. Tahoe Regional Planning Agency, 632 F.2d 104, 106 (9th Cir.1980). Section 204 of the development agreement preserved the Agency's right to issue additional bonds backed by a portion of the same tax increment needed to pay Urbatec. While the Agency was under a contractual obligation to act reasonably in sizing any subsequent bond issue, Urbatec's contractual subordination to future bondholders explicitly placed the risk of good faith oversizing on Urbatec. The 1990 bonds apparently made this risk a reality. Nevertheless, the Agency remains bound by the terms of the development agreement. The issuance of the 1990 bonds did nothing to "impair" its obligations. See Northwestern National Life Ins., 632 F.2d at 106-07; see also Jackson Sawmill Co. v. United States, 580 F.2d 302, 311-12 (8th Cir.1978) (city and state's decision to build new bridge, "breached," but did not "impair" revenue bond trust agreement that stipulated City would not permit construction of rival bridge), cert. denied, 439 U.S. 1070 (1979). Summary judgment on this claim was appropriate.
 
 II. Substantive Due Process
 
 14
 Urbatec argues that the Whittier Defendants, with the assistance of the Underwriter Defendants, violated Urbatec's substantive due process rights by arbitrarily and capriciously using their governmental power to breach the development agreement and prevent recovery for the breach.
 
 
 15
 "Even though every contract may confer some legal rights under state law, that fact alone need not place all contracts within federal due process protection." San Bernardino Physicians' Servs. Medical Group v. County of San Bernardino, 825 F.2d 1404, 1408 (9th Cir.1987). There is no bright line rule to determine what kinds of contracts with the state create rights protected by the Fourteenth Amendment. Id. at 1409. However, "the farther the purely contractual claim is from an interest as central to the individual as employment, the more difficult it is to extend it constitutional protection without subsuming the entire state law of public contracts." Id. at 1409-10. The breach alleged by Urbatec does not rise to the level of constitutional violation. See id. at 1410 (implying construction contracts do not confer any constitutionally protected interest).
 
 III. Takings Claim
 
 16
 Urbatec claims that issuance of the 1990 bonds destroyed its contractual rights to property securing the Agency's debt. See Armstrong v. United States, 364 U.S. 40 (1960). Before a federal takings claim is ripe, the plaintiff must exhaust state procedures for obtaining just compensation. Dodd v. Hood River County, --- F.3d ----, 1995 WL 383490 at * 8-9 (9th Cir. June 29, 1995). The district court reached the merits of this federal constitutional question before allowing exhaustion of state procedures. We reverse the district court's dismissal for failure to state a claim, but dismiss this claim for lack of federal subject matter jurisdiction.
 
 IV. Leave to Amend
 
 17
 The district court denied Urbatec's motion to amend the complaint "because the proposed amendments do not remedy the deficiencies in the constitutional claims." Urbatec sought leave to amend to show that its civil rights claims were timely. Because these claims fail on their merits, the proposed amendments were futile and properly denied. See Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994) (futile amendments properly denied).[3]
 
 
 18
 AFFIRMED.
 
 
 19
 Each party shall bear its own costs on appeal.
 
 
 
 *
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Los Angeles County and the County Auditor are also named as defendants, Urbatec does not challenge any aspect of the judgment entered in their favor. We deem the claims against these defendants abandoned
 
 
 [2]
 Where the facts are disputed, they are recited, to the extent supported by the record, in the light most favorable to Urbatec
 
 
 [3]
 Urbatec's Supplemental Request for Judicial Notice is denied