# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff-Counter-
        Defendant-Appellee,

v.

DAN C. SIMONS and SALLY J.
SIMONS, individually and as trustees
of the Dan C. Simons Equity Trust,

        Defendants-Counter-
        Claimants-Appellants,

    and

JOLENE J. SMITH, as trustee of the
Charlemagne Trust; FIRST CITY
CORP.; HAROLD MARK SIMONS,

        Defendants-Counter-
        Claimants.

No. 02-4201

## ORDER
Filed January 22, 2004

Before **SEYMOUR** , **BRISCOE** , and **LUCERO** , Circuit Judges.

This matter is before the court on appellant's petition for a panel rehearing

of the order and judgment issued December 2, 2003. The petition presents four

requests for relief. The panel denies all but the last, which asks the court to delete part of a passage quoting from the district court transcript.

The original order and judgment is, accordingly, vacated and replaced with the amended order and judgment attached to this order.

Entered for the Court
PATRICK FISHER, Clerk


By:
      Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Counter-
      Defendant-Appellee,

v.

DAN C. SIMONS and SALLY J.
SIMONS, individually and as trustees
of the Dan C. Simons Equity Trust,

      Defendants-Counter-
      Claimants-Appellants,

    and

JOLENE J. SMITH, as trustee of the
Charlemagne Trust; FIRST CITY
CORP.; HAROLD MARK SIMONS,

      Defendants-Counter-
      Claimants.

No. 02-4201
(D.C. No. 92-CV-1071-B)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendants appeal from a consent judgment dismissing the government's case against them pursuant to an executed and satisfied settlement. We hold that defendants waived their right to appeal the matters they now attempt to raise and affirm.

The government filed this action to reduce a tax assessment to judgment. The parties eventually agreed to settle all claims in exchange for $55,000. When defendants reneged on the payment and instead moved to dismiss the action, the district court held a hearing on the motion to dismiss as well as a pending motion for summary judgment from the government. At the hearing, the court informed defendants that it was ready to grant the government's summary judgment motion but, in the interest of closure, it afforded defendants one last opportunity to end the litigation by allowing them ten days to honor their obligation under the settlement agreement. Defendants paid the $55,000 and submitted an order dismissing the action. The court entered the order and closed the case. Fifty-nine days later, however, defendants filed this appeal challenging the order they had drafted and the resultant judgment it entailed.

It is a well-accepted rule that a party to a consent judgment waives any objection to matters within the scope of the judgment. *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 526 (10 th Cir. 1992) (collecting cases). If the party's appeal "represents no more than a retroactive attempt to undo consent properly given," summary affirmance is appropriate. *Id.* at 526 n.5 (quotation omitted). The rule does not apply, however, if "lack of actual consent, fraud in obtaining consent, lack of federal jurisdiction, or mistake are shown," *id.*, or if the party expressly reserved the right to appeal, *id.* at 527. The government argues persuasively for applying waiver here, noting the overlap between the substance of the appeal and the matters necessarily encompassed within the consent judgment, and also anticipating and refuting defendants' attempts to invoke exceptions to enforcement of the consent judgment.

The government contends, correctly, that defendants did not reserve a right to appeal in either the consent decree or the underlying settlement agreement. At certain points in their briefing defendants suggest the district court "promised" them that they would be able to appeal after they complied with the settlement agreement. Our reading of the court's comments leads us to the opposite conclusion. The obvious thrust of the court's comments is that defendants had come to a crossroad where they could put an end to the protracted litigation by complying with the settlement they had agreed to *or* suffer the entry of a far more

costly summary judgment, *appeal that ruling*, and continue the legal process into the incalculable future:

> Mr. Simons, I am disappointed in you. You can honor this agreement and pay maybe half of what they are going to assess *if I enter this order* [granting the government's motion for summary judgment] ten days from now, *and then you can go ahead and appeal that to the Tenth Circuit . . .*
>
> So I want to make it clear, I am enforcing the settlement agreement at the present time requiring the parties to comply with the $55,000 amount that was agreed to after a settlement was entered into following our last meeting. *If the defendant*, Mr. Simons, *continues to refuse to honor his binding agreement then* the alternative for this Court will be to *grant summary judgment* for the United States *and then the matter can continue in its legal process*.

Aplt. App. III at 411c (emphasis added). Defendants' reading misses the court's point, which is to contrast the closure to be achieved through compliance with the agreement and the interminable litigation to be expected from repudiation.

The government also convincingly explains why defendants would have no basis to claim lack of consent or mistake with respect to the parties' settlement agreement and the court's resulting judgment. The handwritten original draft of the agreement is fairly reflected in the consent judgment, which defendants themselves prepared for the court to sign.

Finally, the government notes that this action to reduce a tax assessment to judgment clearly falls within the broad grant of jurisdiction to the district courts over matters arising under the internal revenue laws. 28 U.S.C. §§ 1340 & 1345; 26 U.S.C. § 7402(a); *see United States v. Anderson*, 584 F.2d 369, 370 (10 th Cir.

1978); *United States v. Scherping*, 187 F.3d 796, 798 (8 th Cir. 1999). Defendants resist this point by asserting various objections to the government's case and characterizing these as jurisdictional deficiencies. Defendants do not, however, substantiate their jurisdictional arguments with relevant legal authority. Their most transparent argument in this respect is that, accepting their view on the merits, they owe no taxes, there is thus no lost revenue involved, and, hence, the government lacks the legal injury necessary to have standing. This reasoning, which rests on the tacit premise that standing is not established unless and until the case is won on the merits, would effectively transform every action by the government to collect taxes into a jurisdictional dispute over standing. Defendants do not cite any authority supporting this facially implausible notion. Moreover, their invocation of res judicata and collateral estoppel to support their position on the merits does not introduce any jurisdictional element into the case; these are mere affirmative defenses. *See Kenmen Eng'g v. City of Union*, 314 F.3d 468, 479 (10 th Cir. 2002); *Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1317 (7 th Cir. 1995).

Defendants also try to attribute jurisdictional status to their objection that the government's collection effort here fell outside the statute of limitations. The case law, however, treats the relevant limitations provision like most statutes of limitation, as just another affirmative defense subject to waiver. *See, e.g.*,

-5-

*United States v. McGee*, 993 F.2d 184, 187 (9 th Cir. 1993); *United States v. Gurley*, 415 F.2d 144, 147 (5 th Cir. 1969). Indeed, we recognized that a statute of limitations defense may be defeated through private agreement by the parties–something that cannot be done with respect to jurisdictional deficiencies–in this very case on a prior appeal. *See United States v. Simons*, 129 F.3d 1386 (10 th Cir. 1997). Defendants ignore this authority and, instead, cite a case holding that a statute of limitations relating to a suit *against* the *federal government* is jurisdictional. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir. 1990). But that case simply reflects the unique status of limitation provisions that qualify a waiver of sovereign immunity when the government is sued, which are imbued with the jurisdictional character of the underlying immunity itself. *See, e.g.*, *Hoery v. United States*, 324 F.3d 1220, 1221 (10 th Cir. 2003); *Dahn v. United States*, 127 F.3d 1249, 1252 (10 th Cir. 1997). Obviously this principle has no application here.

It is readily apparent that the objections defendants now raise in an effort to escape the binding effect of the settlement agreement and resultant consent decree constitute the very substance of the case that they agreed to settle. These are precisely the "matters within the scope of the judgment" to which the settling party is deemed to have waived objection, rendering affirmance the appropriate disposition of the appeal. *Mock*, 971 F.2d at 526 & n.5 (quotation omitted).

-6-

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge